[Cite as *Wise v. Ohio State Univ.*, 2011-Ohio-1433.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH H. WISE

    Plaintiff

    v.

THE OHIO STATE UNIVERSITY

    Defendant
    Case No. 2007-07973

Judge Joseph T. Clark

<u>DECISION</u>

{¶ 1} Plaintiff brought this action alleging age discrimination.[1] The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶ 2} From 1970 to 2003, plaintiff[2] was employed as an Agricultural Technician 2 (Ag. Tech. 2) in the Krauss Dairy Barn on defendant's campus in Wooster, Ohio. Plaintiff's primary duties were to feed and care for cows and calves in the dairy barn. Plaintiff was the sole Ag. Tech. 2 who worked in the dairy barn.

{¶ 3} On August 20, 2003, Dr. James Kinder, Chair of the Department of Animal Sciences, met with plaintiff and presented him with a notice of position abolishment. Dr.

---

[1] On July 10, 2009, the court issued a decision wherein it granted summary judgment in defendant's favor as to plaintiff's claims of disability discrimination, retaliation, and wrongful discharge in violation of public policy.

[2] Plaintiff was born on November 13, 1936.

Kinder explained to plaintiff that his position was being abolished as part of a Reduction in Force (RIF) because of state budget cuts.

{¶ 4} Pursuant to defendant's policies, plaintiff elected to exercise "displacement rights." Accordingly, he was eligible to displace an existing employee in the same county who had the fewest retention points in the classification of the position being abolished, provided that plaintiff met the qualifications for that position. In October 2003, defendant offered plaintiff an Ag. Tech. 2 position in a greenhouse, which required the use of pesticides. Plaintiff rejected that position due to health reasons, and subsequently submitted a letter from his physician to substantiate his inability to perform that particular job.

{¶ 5} On February 9, 2004, Dr. Kinder authored a letter advising plaintiff that his position in the dairy barn had been eliminated and that the necessary duties had been reassigned to other employees. The letter stated that effective February 22, 2004, he would be assigned new duties, consistent with his Ag. Tech. 2 title, until his displacement rights were exercised. Plaintiff was to report to work at the Wooster Sheep Unit on February 24, 2004. However, due to a workplace injury he sustained in January, plaintiff remained on medical leave and did not report to work.

{¶ 6} On April 22, 2004, plaintiff was issued an "amended notice of abolishment of position" which stated that his position would be abolished effective May 10, 2004. The letter informed plaintiff that he could elect either "Layoff/Displacement" or the "Staff Severance Program." On April 26, 2004, plaintiff notified the human resources department that he again elected to exercise his displacement rights. On May 4, 2004, plaintiff was notified that there were no positions available for him to displace at that time, and that he would be placed on a layoff list for up to 12 months. Ultimately, plaintiff retired from the university.

{¶ 7} Plaintiff asserts that defendant abolished his position because he was the oldest employee in the dairy barn, and that the RIF was a pretext for discrimination based upon his age.

**AGE DISCRIMINATION**

**{¶ 8}** R.C. 4112.02 provides, in part: "It shall be an unlawful discriminatory practice: (A) For any employer, because of the * * * age * * * of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

**{¶ 9}** The Supreme Court of Ohio has held that age discrimination cases brought in state courts should be construed and decided in accordance with federal guidelines and requirements. *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 147. A plaintiff may establish a prima facie case of discrimination either by direct evidence or by the indirect method established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792.

## I. Direct Evidence

**{¶ 10}** Plaintiff claims that he has produced direct evidence which, if believed, establishes that defendant's motivation for abolishing his position was the desire to employ younger individuals with research skills in the dairy barn.

**{¶ 11}** Plaintiff alleges that comments were made to him regarding his age on two separate occasions. First, plaintiff asserts that in 2001, Bruce Phillips, his shift manager in the dairy barn, asked him, "Why don't you old guys retire and let us get some young guys in here?" Second, plaintiff asserts that in 2002, Dr. Larry Smith asked him, "Why don't you old people leave and let me hire some young guys?"

**{¶ 12}** In order for a statement to be evidence of an unlawful employment decision, plaintiff must show a "nexus between the improper motive and the decision making process or personnel. Accordingly, courts consider (1) whether the comments were made by a decision maker; (2) whether the comments were related to the decision making process; (3) whether they were more than vague, isolated, or ambiguous; and (4) whether they were proximate in time to the act of alleged discrimination." *Birch v. Cuyahoga Cty. Probate Court*, 173 Ohio App.3d 696, 705, 2007-Ohio-6189, ¶23. However, where allegedly discriminatory comments are merely "stray remarks," unrelated to the decision-making process, such comments are not actionable. See *Bogdas v. Ohio Department of Rehabilitation and Correction*, Franklin App. No. 09AP-

466, 2009-Ohio-6327 citing *Brewer v. Cleveland City Schools Bd. of Edn.* (1997), 122 Ohio App.3d 378, 384; *Smith v. Firestone Tire and Rubber Co.* (C.A.7, 1989), 875 F.2d 1325, 1330.

{¶ 13} The court notes that plaintiff presented no evidence at trial that Bruce Phillips had any input with the decision-making process to abolish plaintiff's position. Dr. Kinder testified that he sought advice from Joseph Hogan, Ph.D., Associate Chair of the Department of Animal Sciences, to determine which positions to abolish. In addition, Dr. Kinder testified that he did not seek Dr. Smith's advice inasmuch as Dr. Smith had retired prior to the implementation of the RIF. Therefore, the court finds that plaintiff has failed to prove by a preponderance of the evidence that either of the alleged comments were made by a decision maker, were related to the decision-making process, or that they were proximate in time to the act of alleged discrimination.

## II. Indirect Method

{¶ 14} Under *McDonnell Douglas*, supra, an inference of discriminatory intent may be drawn where plaintiff establishes that he: 1) was at least 40 years old at the time of the alleged discrimination; 2) was subjected to an adverse employment action; 3) was otherwise qualified for the position; and 4) that after plaintiff was rejected, a substantially younger applicant was selected. See also *Burzynski v. Cohen* (C.A. 6, 2001), 264 F.3d 611, 622; *Coryell v. Bank One Trust Co., N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, paragraph 1 of the syllabus. Plaintiff has established that he was 67 years old at the time that his position was abolished and that he was qualified for the position.

{¶ 15} However, in cases of an RIF, the fourth element of the prima facie case is modified to require that plaintiff "'com[e] forward with additional evidence, be it direct, circumstantial, or statistical, to establish that age was a factor in the termination.'" *Kundtz v. AT&T Solutions, Inc.*, Franklin App. No. 05AP-1045, 2007-Ohio-1462, ¶21, quoting *Dahl v. Battelle Memorial Inst.*, Franklin App. No. 03AP-1028, 2004-Ohio-3884, ¶15. The purpose of the modified requirement is to ensure that plaintiff shows that "there is a chance that the work force reduction is not the reason for the termination." *Woods v. Capital Univ.*, Franklin App. No. 09AP-166, 2009-Ohio-5672, ¶57. (Internal

citations omitted.) To determine whether a valid RIF occurred, the key inquiry is whether the employer replaced plaintiff. Id. at ¶58. (Internal citations omitted.) If an employer consolidated jobs in order to eliminate excess worker capacity and did not replace plaintiff, then an RIF took place. Id.

{¶ 16} Dr. Kinder testified that he was notified in 2003 that the Ohio Agricultural Research and Development Center (OARDC) fund was faced with a 6.5 percent budget reduction. Dr. Kinder explained that in light of the budget reduction, he had to either close animal units or reduce staff. Dr. Kinder testified that he sought guidance from Dr. Hogan to determine which positions in the dairy barn were the most, and least, critical. Dr. Kinder explained that he selected plaintiff's position for elimination because it was the least essential in sustaining the research at the dairy barn. Dr. Kinder further testified that since the RIF began in 2003, 23 positions had been abolished. Dr. Kinder explained that Plaintiff's Exhibit 11 sets forth the names of other employees who received notices of abolishment on August 20, 2003: Phillip Shriver, Farm Laborer 1; Teresa Funk, Office Associate; and Pat Rigby, Program Assistant.

{¶ 17} Dr. Hogan testified that Dr. Kinder requested that he identify three positions that could be eliminated in the RIF. Dr. Hogan testified that he considered every position for elimination, in that he examined every employee's duties at the time. With regard to plaintiff, Dr. Hogan described him as a "back-up" calf feeder and "back-up" tie-stall feeder and noted that plaintiff did not have any research duties. Hogan stated that the primary calf feeder was Nancy Oliver (age 59, Dairy Worker 2); that the primary tie-stall feeder was Lynn Baker (age 44, Dairy Worker 2); and that if either of those employees were not scheduled to work, plaintiff would serve as "back-up."[3] Dr. Hogan explained that feeding took up the vast majority of the shifts worked by Oliver, Baker, and plaintiff. Dr. Hogan explained that plaintiff's position of a "back-up" feeder was eliminated, and that his duties were absorbed by the following existing employees: Bruce Phillips (age 40), Craig Zimmerly (age 29), Fred Sahariat (age 53), and Kevin Miller (age 41).

---

[3]The ages of the employees as of July 2003, are found in Defendant's Exhibit H.

**{¶ 18}** Upon review of the evidence, the court finds that the RIF was valid, in that plaintiff's position was abolished and he was not replaced. As such, plaintiff is required to produce additional evidence to establish that age was a factor in his termination. *Kundtz*, supra.

**{¶ 19}** Plaintiff testified that on August 20, 2003, he learned that his job would be abolished in a meeting with Dr. Kinder, Dr. Hogan, and Eileen Kieffaber from the human resources department. In the meeting, plaintiff asked "How can you let me go with 34 years of service?" and "How can you let me go when you have just hired younger people with less service credit?" In plaintiff's opinion, there was "no reason" to move him from the dairy barn, but he was willing to work in the poultry barn. However, plaintiff acknowledged that he did not apply for any other positions with defendant either during his 12-month layoff or anytime thereafter.

**{¶ 20}** Plaintiff pointed to Raymond Windsor (age 21) as someone who was substantially younger than he was and who did the same job that he did. Plaintiff also stated that an individual named Julie Schuster was hired in 2006 to work in the dairy barn and that she was also substantially younger than he was. Dr. Kinder testified that the day he informed plaintiff that his position was being abolished was the first time that he had met plaintiff, and that he did not know plaintiff's age when he decided to abolish his position. Dr. Kinder further stated that Raymond Windsor began his employment as an Ag. Tech. 1 on September 9, 2001, which was a temporary position funded by grant monies. Dr. Kinder disputed that Windsor had the same job responsibilities as plaintiff, but further stated that grant monies could not be used to fund a full-time employee's salary, such as plaintiff's.

**{¶ 21}** Lorena (Lori) Weber testified that she had been the human resources manager for the Department of Animal Sciences for ten years, including during the time that the RIF took place. Weber explained that once an RIF is implemented, a rationale for abolishing specific positions is determined. Furthermore, she stated that once it is determined that an employee's job is being abolished, the employee can either choose severance or displacement options. Inasmuch as plaintiff chose displacement, Weber began looking for comparable positions. According to Weber, plaintiff was not permitted to displace a Dairy Worker position because that was a different classification.

{¶ 22} Weber testified that an Ag. Tech. 2 position in a greenhouse was identified as a position that plaintiff could have displaced. However, due to a prior medical condition, plaintiff refused that position. Weber stated that there were no positions in the dairy barn that plaintiff was able to displace. According to Weber, after plaintiff did not accept the greenhouse position, he was placed on a layoff list. Weber explained that once a person is placed on a layoff list, if a position is posted in the employee's prior classification, she would inform the employee. However, Weber stated that no positions in plaintiff's classification were posted in the 12-month period that he was on the layoff list.

{¶ 23} Upon review of the evidence, the court finds that plaintiff has failed to satisfy the fourth prong of the prima facie case of age discrimination, in that he has not brought forth additional evidence to establish that age was a factor in his job abolishment. Although plaintiff asserts that Raymond Windsor and/or Julie Schuster (who was hired in 2006) replaced him, the greater weight of the evidence shows that plaintiff's job responsibilities were divided among four existing employees in the dairy barn. Furthermore, Raymond Windsor's position was funded by grant monies, which were not available as a source of funds for plaintiff's full-time position. Accordingly, the court finds that plaintiff has failed to state a prima facie claim of age discrimination. Therefore, for the foregoing reasons, the court finds that plaintiff has failed to prove his claim of age discrimination and, accordingly, judgment shall be rendered in favor of defendant.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KENNETH H. WISE

Plaintiff

v.

THE OHIO STATE UNIVERSITY

     Defendant
      Case No. 2007-07973

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>

       This case was tried to the court on the issue of liability. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

                            _____
                            JOSEPH T. CLARK
                            Judge

cc:

Amy S. Brown                       John F. Myers
Assistant Attorney General         159 South Main Street
150 East Gay Street, 18th Floor     815 Key Building
Columbus, Ohio 43215-3130       Akron, Ohio 44308

HTS/cmd
Filed March 15, 2011
To S.C. reporter March 22, 2011