**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-4575

_____

THE ESTATE OF PERRY BREWINGTON, DECENDENT,
BY AND THROUGH THE ADMINISTRATOR OF THE ESTATE JAMES D. ROSEN,
ESQUIRE

v.

JOSEPH LOMBARDO, POLICE OFFICER; HORNER, POLICE OFFICER
BADGE NUMBER 2349; CITY OF PHILADELPHIA

The Estate of Perry Brewington, Appellant

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 2-05-cv-06016)
District Judge:  Chief Magistrate Judge Thomas J. Rueter

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
January 13, 2012

BEFORE:  MCKEE, <u>Chief Judge</u>, and FUENTES and JORDAN, <u>Circuit Judges</u>

(Opinion Filed: February 28, 2012)

_____

OPINION OF THE COURT

_____


FUENTES, <u>Circuit Judge</u>.

1

Syeta Brewington obtained a Protection from Abuse (PFA) order against her boyfriend, Ramon Mills. In the affidavit in support of the PFA, Syeta alleged that Mills had threatened to kill her and that he possessed a gun. For that reason, the Court of Common Pleas PFA order stated that the "Defendant shall immediately relinquish the following weapons to the Sheriff of Philadelphia County: GUN." Nevertheless, the two police officers who served the PFA order on Mills failed to seize his gun. Shortly after being served with the PFA, Mills shot and killed Syeta's brother, Perry Brewington.

The Estate of Perry Brewington filed suit against the two police officers, Joseph Lombardo and Richard Horner, pursuant to 42 U.S.C. § 1983, alleging that they violated Brewington's Fourteenth Amendment due process rights when they failed to seize Mills' weapon.[1] The Estate claimed that the Officers were responsible for Brewington's death under the state-created danger theory of liability. The Officers filed a motion for summary judgment. Judge Ludwig denied this motion with respect to the Estate's due process claim against the Officers.

The case went to trial before Chief Magistrate Judge Thomas J. Rueter from August 11, 2010 to August 13, 2010, and the jury found in the Officers' favor. The Estate filed a Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a) and 60(b), but Judge Rueter denied this motion on September 29, 2010. The Estate then filed a Motion for Reconsideration, which Judge Rueter denied on November 3, 2010.

---

[1] The Estate's complaint also named the City of Philadelphia as a defendant, and it raised claims of wrongful death and municipal liability that are not at issue on appeal.

The issue now on appeal is the same issue presented to the District Court in the Motion for Reconsideration.  The Estate argues that a new trial should have been granted because the testimony the Officers gave at trial contradicted their deposition testimony and was therefore "contrary to the law of the case."  The Estate contends that, in his ruling on the Officers' summary judgment motion, Judge Ludwig determined "as a matter of law" that the PFA order required the Officers to seize Mills' gun.[2]  Thus, the Estate believes that the Officers should not have been permitted to testify otherwise at trial.

After carefully reviewing the record and the submissions of the parties, we find no basis for disturbing the District Court's thorough and thoughtful opinion and judgment.[3]  Despite the horrendous facts of this case and the shortcomings of the Officers' efforts to enforce the PFA, the Estate's arguments are not persuasive.  The Estate had a full and fair opportunity to impeach the Officers regarding inconsistencies between their deposition

---

[2] In his opinion, Judge Ludwig noted that, in their depositions, "Officer Harner . . . testified that 'if it [the PFA] said to remove the weapons, I would have removed them, yes,' [and] Officer Lombardo testified that if a PFA requires relinquishment of a weapon, the serving officer is required to confiscate it." *Estate of Brewington v. Lombardo*, No. 05-6016, 2008 U.S. Dist. LEXIS 69430, at *4 (E.D. Pa. Sept. 15, 2008).  He also stated that the officers failed to confiscate Mills' weapon "despite the clear language of the PFA." *Id.* at *6.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  "Generally, the denial of a motion for reconsideration is reviewed for an abuse of discretion.  Where a district court's denial of a motion to reconsider is based upon the interpretation of legal precepts, however, our review of the lower court's decision is plenary." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995) (citation omitted).

testimony and their trial testimony. Moreover, it seems inappropriate to view Judge Ludwig's denial of summary judgment as creating "law of the case." As the Ninth Circuit has stated, "[s]uch a denial merely postpones decision of any question; it decides none. To give it any other effect would be entirely contrary to the purpose of the summary judgment procedure." *Dessar v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965). Therefore, we will affirm the judgment for substantially the reasons set forth in the District Court's opinion.