**CARL GREENE, Plaintiff**

**v.**

**VIRGIN ISLANDS WATER AND POWER AUTHORITY and ALBERTO BRUNO-VEGA, Defendants**

Civil No. SX-13-CV-224

Superior Court of the Virgin Islands

Division of St. Croix

August 11, 2016

MOLLOY, *Judge*

## MEMORANDUM OPINION

(August 11, 2016)

**THIS MATTER** comes before the Court on the Virgin Islands Water and Power Authority's ("WAPA") Motion for Summary Judgment filed on August 4, 2014. Plaintiff filed a response on September 26, 2014, and Defendants filed a reply on October 10, 2014. For the reasons stated below, the Court will grant the motion for summary judgment and enter judgment in Defendant's favor.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

At all times relevant to the pertinent facts of this case, Plaintiff Carl Greene ("Greene") was employed as a line manager at WAPA[2] until he was terminated from that position on April 7, 2005. Defendant Alberto

---

[1] In support of its motion for summary judgment, WAPA filed a Statement of Material Facts on August 14, 2014, along with supporting documents. Greene did not file a response to WAPA's Statement of Material Facts notwithstanding the fact that the rules of procedure requires a non-moving party to "address the facts upon which the movant has relied . . . ." LRCI 56.1(b). The Court, nonetheless, based its factual findings upon a review of WAPA's statement of material facts, matters of public record, and a thorough review of the record of this case. Despite Greene's noncompliance with LRCI 56.1, the Court cannot assume the facts to be true if there is evidence in the record to the contrary. *See Vanterpool v. Gov't of the Virgin Islands*, 63 V.I. 563, 583 (V.I. 2015) (ruling that a non-moving party's non-compliance with Rule 56.1 is not a basis for treating moving party's statement of facts as undisputed).

[2] WAPA is a public corporation and autonomous government instrumentality of the Government of the Virgin Islands. *See* 30 V.I.C. § 103(a).

Bruno-Vega ("Bruno-Vega")[3] served as WAPA's Executive Director from July 1989 to August 1995 and again from December 2002 to May 2007.

During the time of Greene's employment, the Virgin Islands Office of the Inspector General ("OIG") commenced an investigation — requested by WAPA — into allegations surrounding water and electrical line losses at WAPA's facilities located on St. Croix. The OIG issued a report detailing the results of the investigation on December 13, 2004. Among the major findings in the report were WAPA employees made unauthorized installations, line personnel allowed thefts of electricity, and employees facilitated thefts and themselves stole WAPA property as a result of a severe lack of proper supervision. *See* WAPA's Statement of Material Facts in Support of Motion for Summary Judgment — Exhibit 1 — Investigative Report — Letter dated December 13, 2004 at 2. The OIG also submitted a copy of its report and investigative findings to the Virgin Islands Department of Justice.

On July 27, 2006, the Virgin Islands Department of Justice — Office of the Attorney General ("Office of the Attorney General") filed a single-count criminal information charging Greene with buying and receiving stolen property in violation of 14 V.I.C. § 2101(a). The Information alleged, *inter alia*, that Greene caused a WAPA electrical pole and safety light to be erected at his residence without WAPA's authorization or consent. *See People of the Virgin Islands v. Greene*, Super. Ct. Crim. No. 315/2006. The Information was accompanied by an affidavit executed on February 21, 2006, by Charles Allen, Chief of Investigations for the OIG. In his affidavit, Allen stated that based on the OIG's investigation in April 2003 into excessive electrical and water line losses at WAPA, he believed there was probable cause to arrest Greene for buying and receiving stolen property in violation of 14 V.I.C. § 2101(a) and tampering with a utility in violation of 14 V.I.C. § 1263(b)(2), (3) and (c). After several months of hearings and court proceedings, the judge assigned to Greene's criminal case eventually dismissed the criminal proceedings against Greene on May 9, 2007, on a motion made by the Office of the Attorney General.

Prior to the filing of the present complaint in the Superior Court, Greene filed a civil complaint in the District Court of the Virgin Islands

---

[3] On July 7, 2014, WAPA filed a "Statement Noting Death of Party" pursuant to Federal Rule of Civil Procedure 25 providing notification that Bruno-Vega passed away on June 13, 2014.

("District Court") against WAPA and Bruno-Vega on January 24, 2006, based on the April 7, 2005 termination of Greene's employment as well as the institution of criminal charges that were filed against him.[4] In that case, Greene asserted several federal and territorial law causes of action including claims for abuse of process and malicious prosecution. After the Defendants filed a motion for summary judgment, the District Court dismissed all of Greene's claims except for the claims for abuse of process and malicious prosecution.[5] The District Court ultimately declined to exercise supplemental jurisdiction over the two remaining territorial claims and dismissed the case on May 22, 2013.[6]

Greene commenced this litigation in the Superior Court on June 25, 2013, alleging claims against WAPA and Alberto Bruno-Vega for malicious prosecution and abuse of process arising from arrest and criminal prosecution. Compl. ¶¶ 127, 141-146. The parties have concluded discovery in this case and WAPA has filed this motion requesting that the Court grant summary judgment in its favor.

## II. LEGAL STANDARD

The legal standard for a motion for summary judgment is well established. The Court must grant summary judgment in favor of the moving party when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party's initial burden is met by merely "pointing out to the . . . court that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "The non-moving party then

---

[4] The District Court docketed that case as *Greene v. Virgin Islands Water and Power Authority, et al.*, Dist. Ct Civ. No. 11/2006.

[5] These decisions are reported at *Greene v. Virgin Islands Water and Power Auth.*, 2011 U.S. Dist. LEXIS 80325 (D.V.I. July 22, 2011) (ruling on motion for summary judgment); *Greene v. Virgin Islands Water and Power Auth.*, 2012 U.S. Dist. LEXIS 144382 (D.V.I. Oct. 5, 2012) (denying defendants' motion for reconsideration to dismiss plaintiff's claims for malicious prosecution and abuse of process); and *Greene v. Virgin Islands Water and Power Auth.*, 2013 U.S. Dist. LEXIS 72283 (D.V.I. May 22, 2013) (dismissing plaintiffs Title VII discrimination claim and declining to exercise supplemental jurisdiction over the remaining territorial common law claims).

[6] On February 11, 2014, the Third Circuit Court of Appeals affirmed the District Court's rulings. *See Greene v. Virgin Islands Water & Power Auth.*, 557 Fed. Appx. 189 (3d Cir. 2014).

has the burden of 'set[ting] out specific facts showing a genuine issue for trial.'" *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008) (citing FED. R. CIV. P. 56(e)). In making a determination of whether there is no genuine issue for trial, the Court must draw all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850, 122 S. Ct. 2559, 153 L. Ed. 2d 735 (2002). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The facts, and all reasonable inferences drawn from them, must be viewed "in the light most favorable to the nonmoving party, and [the Court] must take the non-moving party's conflicting allegations as true if supported by proper proofs." *Brodhurst v. Frazier*, 57 V.I. 365, 368-69 (V.I. 2012) (internal quotations omitted). In all cases, however, the moving party has the burden of proving that there is no genuine issue of material fact in dispute. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

## III. DISCUSSION

WAPA contends that there are no genuine issues of material fact and it is entitled to summary judgment as a matter of law on Greene's claims for abuse of process and malicious prosecution. In his opposition, Greene does not address WAPA's motion on the merits. Instead, Greene argues that the Court should summarily deny WAPA's motion. He argues that the issues raised in the motion were already decided in Greene's favor and are precluded under collateral estoppel and the law of the case doctrine. For the reasons stated below, the Court finds that neither of these legal doctrines are applicable to the facts of this case. The Court also finds that there are no genuine issues of material facts in dispute and that WAPA is entitled to summary judgment on all of Greene's claims.

### A. Collateral Estoppel

Greene correctly notes that the District Court previously denied WAPA's motion for summary judgment on Greene's claims for abuse of process and malicious prosecution. Specifically, the District Court ruled that Greene "has presented sufficient evidence to suggest that WAPA had an improper purpose in making criminal allegations because there was no evidence that [Greene] stole property." *Greene v. Virgin Islands Water and*

73

*Power Auth.*, 2011 U.S. Dist. LEXIS 80325, at **38-39 (D.V.I. July 22, 2011). The District Court concluded: "As there are genuine issues of material fact as to the purpose of making the criminal allegations, Defendants' Motion for Summary Judgment as to [Greene's claims for abuse of process and malicious prosecution] shall be denied." *Id.* 2011 U.S. Dist. LEXIS 80325, at *39. Greene argues that this decision constitutes collateral estoppel and bars WAPA from asserting that there are genuine issues of material fact in dispute as it relates to his claims for malicious prosecution and abuse of process.

■ As stated by the Virgin Islands Supreme Court, "[c]ollateral estoppel 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " *Gilbert v. People of the Virgin Islands*, 52 V.I. 350, 364 (V.I. 2009) (citing *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970)). The collateral estoppel doctrine, also commonly known as issue preclusion, can be broken down into four elements: (1) the previous determination was necessary to the decision; (2) the identical issue was previously litigated; (3) the issue was decided in a decision that was final, valid, and on the merits; and (4) the party being precluded from re-litigating the issue was adequately represented in the previous action. *Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 474, 37 V.I. 526 (3d Cir. 1997). "This doctrine reduces the costs of multiple lawsuits, facilitates judicial consistency, conserves resources, and 'encourage[s] reliance on adjudication.' " *Witkowski v. Welch*, 173 F.3d 192, 199 (3d Cir. 1999) (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)).

■ The Court disagrees that the collateral estoppel doctrine precludes it from adjudicating the merits of WAPA's motion for summary judgment. Collateral estoppel requires that there be a final judgment that is subject to appeal. *See Lops v. Lops*, 140 F.3d 927, 938 (11th Cir. 1998) ("A final judgment is required before any possibility of application of the doctrine of res judicata or collateral estoppel may arise."). It is well-established that, subject to few exceptions not applicable here, an order denying a motion for summary judgment is an interlocutory order not subject to appeal until a final order is issued. *PMD Enters. v. Cape May Foods, Inc.*, 301 F.3d 147, 149 (3d Cir. 2002) ("Denials of summary judgment, like most other non-final orders of district courts, are generally not

appealable."); *McFarland v. Miller*, 14 F.3d 912, 917 (3d Cir. 1994) ("Generally, an order denying a motion for summary judgment is not appealable"); *see also* REST. 2D § 28(1) (stating collateral estoppel does not apply when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action."). Even the granting of partial summary judgment in a party's favor is not an appealable order. *See Martin v. Martin*, 54 V.I. 379, 386 (V.I. 2010) ("Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary 'judgment' is not a final judgment, and, therefore, that is not appealable, unless in a particular case some statute allows an appeal from the interlocutory order involved.").

■ The District Court's denial of WAPA's motion for summary judgment was not an appealable order. While granting summary of judgment in favor of a defendant may constitute a final judgment on the merits, *see Hubikci v. ACF Industries, Inc.*, 484 F.2d 519, 524 (3d Cir. 1973), the same cannot be said for a denial of a motion for summary judgment based on a finding of a lack of genuine issue of material fact. *See* 10A CHARLES A. WRIGHT, et al., *Federal Practice & Procedure* § 2712 (3d ed. 2002) ("a denial of summary judgment is not a decision on the merits; it simply is a decision that there is a material factual issue to be tried."). Because the District Court's decision denying WAPA's motion for summary judgment was not a final decision on the merits of the case, the Court holds that the collateral estoppel doctrine does not bar WAPA from seeking summary judgment in this case.

## B. Law of the Case Doctrine

■ Greene also contends that the law of the case doctrine bars WAPA's summary judgment motion. "Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *Hodge v. Bluebeard's Castle*, 62 V.I. 671, 688 (V.I. 2015) (citing *Pepper v. United States*, 562 U.S. 476, 506, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011)). "[T]he law of the case doctrine is not a restriction on the court's power but rather governs its exercise of discretion." *In re City of Phila. Litig.*, 158 F.3d 711, 718 (3d Cir. 1998). This doctrine derives from a strong public policy favoring finality. *See North River Ins. Co. v. Philadelphia Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir. 1995). The doctrine, however, does not preclude reconsideration of previously decided issues

in extraordinary circumstances such as where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice. *Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997).

WAPA contends that the law of case doctrine does not apply for three reasons. First, WAPA argues that the Virgin Islands Supreme Court's decision in *Palisoc v. Poblete*, 60 V.I. 607 (V.I. 2014), which was decided and filed on February 25, 2014, established a new law in the Virgin Islands, specifically, the elements for a cause of action for malicious prosecution. WAPA contends that because the *Palisoc* decision was issued after the District Court denied WAPA's motion for summary judgment on July 22, 2011, the new law pronounced in *Palisoc* was not available to WAPA at the time the District Court proceedings were pending. However, after conducting a *Banks* analysis, *Palisoc* adopted a modified version of the Restatements in establishing the elements for a claim for malicious prosecution. More specifically, *Palisoc* explicitly adopted the "RESTATEMENT (SECOND) OF TORTS § 653 for its commentary analysis in applying" the elements for a malicious prosecution cause of action. *Id.* at 614-15. Although *Palisoc* definitively established the elements for a malicious prosecution claim in the Virgin Islands, this decision fails to trigger the "new law" exception to the law of the case doctrine. The Supreme Court adopted the elements for malicious prosecution from section 653 of the Restatement of Torts, which was already part of Virgin Islands common law when Greene submitted his complaint to the District Court. Thus, the "new law" exception does not apply in this case.

Second, WAPA contends that the information contained in Greene's criminal file and the affidavit of Attorney Denise George Counts constitutes "new evidence" that was not available to the District Court. WAPA further contends that because Greene never produced any portion of his criminal file in the District Court case, the documents contained in that file constitute new evidence in the present lawsuit. In order for the "new evidence" exception to apply, WAPA must demonstrate that there was significant new evidence that was not earlier obtainable in the exercise of due diligence. *See United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993). The Court fails to see how the information contained in Greene's criminal file or the information contained in Attorney Counts' affidavit constitutes new evidence. The criminal case against Greene

commenced on July 27, 2006. Greene filed his complaint in the District Court against WAPA on January 24, 2006. WAPA filed its motion for summary judgment in the District Court on January 21, 2010, approximately thirty-six months after criminal proceedings were instituted against Greene. The information contained in Greene's criminal file was a matter of public record and readily available to both parties. Similarly, the information contained in Counts' affidavit detailing the circumstances surrounding the decision to prosecute Greene was also readily available to WAPA prior to the filing of the motion for summary judgment in the District Court case. WAPA has presented no arguments as to why the information it considers to be "new evidence" could not have been discovered in the District Court case with the exercise of due diligence.[7]

 Finally, WAPA argues that the prior decision by the District Court was not a final decision on the merits, which would preclude the application of the law of case doctrine. Notwithstanding the fact that the prior ruling Greene asserts bars an adjudication of the merits of WAPA's motion for summary judgment, the law of the case doctrine "applies as much to the decisions of a coordinate court in the same case as to a court's own decision." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988). Several courts have held that a federal district court is a "coordinate court" of a state trial court and a decision by one of these courts in an earlier stage of a case falls within the law of the case doctrine. *See, e.g., Powers v. Southland Corp.*, 4 F.3d 223, 234-35 (3d Cir. 1993); *see also Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 164-170 (3d Cir. 1982) (applying law of the case doctrine to transfer decisions between federal court and state court pursuant to 28 U.S.C. § 1406(a)). Even if the proceeding in the District Court is considered to be an earlier stage of this case, this Court holds that the law of the case doctrine does not apply to situations where the first ruling was a denial of a motion for summary judgment. As succinctly stated by the Ninth Circuit Court of Appeals:

> denial of a motion for summary judgment does not constitute the 'law of the case' because it does not purport to decide the [factual] question

---

[7] In fact, WAPA produced a copy of Greene's criminal file to Greene during discovery in this case. *See* WAPA's Reply in Supp. of Mot. for Summ. J. at 5 n.2.

it merely denies the motion because, in the court's then view, there were 'issuable facts.' Such a denial merely postpones decision of any question, it decides none. To give it any other effect would be entirely contrary to the purpose of the summary judgment procedure.

*Dessar v. Bank of Am. Nat'l Trust & Say. Ass'n*, 353 F.2d 468, 470 (9th Cir. 1965); *see also Estate of Brewington v. Lombardo*, 461 Fed. Appx. 141, 142-43 (3d Cir. 2012) ("it seems inappropriate to view [the trial judge's] denial of summary judgment as creating 'law of the case' "); *Paquin v. Fannie Mae*, 20 F. Supp. 2d 94, 96 (D.D.C. 1998) (declining to apply law of the case doctrine to a denial of a motion for summary judgment). Simply stated, a denial of a motion for summary judgment does not establish any law nor is there a rule of law that would govern the remainder of the case. *Bellot v. Cardow, Inc.*, 2014 V.I. LEXIS 64, at *4 (V.I. Super. Ct. Aug. 18, 2014). The District Court's denial of WAPA's motion for summary judgment was simply a determination that WAPA, at that time, failed to establish a genuine issue as to a material fact. WAPA never had an opportunity to challenge the District Court's decision denying its motion for summary judgment. *See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250, 258 U.S. App. D.C. 124 (D.C. Cir. 1987) (opining that the law of the case doctrine applies when "a legal decision made at one stage of litigation goes unchallenged in a subsequent appeal when the opportunity to do existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."). More importantly, the decision of the District Court denying WAPA's motion for summary judgment did not establish any law or identify a rule of law that would govern the remainder of the case. Accordingly, for these reasons, the Court finds that the law of the case doctrine is inapplicable to the facts of this case.

### C. Malicious Prosecution

■ Having determined that the doctrines of collateral estoppel and the law of the case do not preclude WAPA from filing a motion for summary judgment in this case, the Court will now proceed to determine whether there are any genuine issues of material facts in dispute. In order to prevail on a claim of malicious prosecution, a plaintiff must demonstrate the following: (1) the initiating of or procuring of a criminal proceeding against the plaintiff by the defendant; (2) the absence of probable cause

78

for the proceeding; (3) malicious intent on the part of the defendant; and (4) termination of the proceeding in favor of the plaintiff. *Palisoc v. Poblete*, 60 V.I. 607, 614-15 (V.I. 2014) (adopting RESTATEMENT (SECOND) OF TORTS § 653 and its commentary analysis as part of the common law of the Virgin Islands). WAPA contends that it is entitled to summary judgment on this claim because the decision to prosecute Greene was made solely by the Office of Attorney General, and therefore, Greene cannot establish that WAPA initiated or procured criminal proceedings against him. This Court agrees.

██ "Criminal proceedings are initiated by making a charge before a public office or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused." RESTATEMENT (SECOND) OF TORTS § 653 cmt. c. In order to prove that WAPA initiated or procured the criminal proceeding, Greene must demonstrate that WAPA's "desire to have the criminal proceedings initiated was the determining factor in the government commencing prosecution . . . ." *Palisoc*, 60 V.I. at 619.

 In support of its argument, WAPA presented the affidavit of Assistant Attorney General Denise George Counts, the prosecutor who filed the charges against Greene. Affidavit of Assistant Attorney General Denise George Counts dated July 31, 2014 attached as Exhibit 5 to WAPA's Statement of Material Facts. According to the affidavit, Counts filed the charge against Greene on July 21, 2006, after the OIG conducted a criminal investigation and referred the matter to the Office of the Attorney General for criminal prosecution. Counts Aff. ¶¶ 2-3 (July 31, 2014). Counts further states that "[c]onsistent with our standard practice for such referrals, the Office of the Attorney General conducted an independent review of the affidavit and other information furnished to it by the Inspector General in order to make a prosecutorial determination." Counts Aff. ¶ 4. Counts concluded her affidavit by stating that "[t]he decision to prosecute and the determination of the appropriate charges were made by the Office of the Attorney General only." Counts Aff. ¶ 9. WAPA also submitted the deposition testimony of several WAPA senior level officials indicating that none of these individuals met with anyone at the Office of the Attorney General or gave any statements to that office

79

concerning Greene.[8] Bruno-Vega Dep. 139: 20-22, 149: 2-5, May 17, 2009; Rothgeb Dep. 125: 12-25; 126: 1-3, Sept. 21, 2009;[9] Dunn Dep. 50: 23-25, 51: 1-3, Sept. 30, 2009;[10] Bowry Dep. 92: 1-6, Sept. 18, 2009.[11] This evidence presented by WAPA demonstrates that the decision to prosecute Greene was made solely by the Office of the Attorney General and that no WAPA representatives had anything to do with that decision. "The exercise of the officer's discretion [to] make initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings." RESTATEMENT (SECOND) OF TORTS § 653 cmt. g. Thus, WAPA has presented evidence to demonstrate that there is no genuine issue of material fact that WAPA did not initiate or procure criminal proceedings against Greene. The burden now shifts to Greene to show that there is genuine issue of fact in dispute.

Instead of responding to WAPA's statement of facts or challenging any of WAPA's evidence submitted in support of its motion for summary judgment, Greene chose not to directly address those arguments. Rather, he based his entire defense on the argument that WAPA's motion is foreclosed under the doctrines of collateral estoppel and the law of the case. In a footnote to his opposition, Greene's counsel stated:

---

[8] The deposition transcripts of Bruno-Vega, Glen Rothgeb, Cassandra Dunn, and Nellon Bowry are attached to WAPA's Statement of Material Facts as Exhibits 6, 7, 8, and 9, respectively. Although the deposition transcripts are not certified by the reporter who prepared them, the Court will consider these transcripts for purposes of summary judgment because Greene did not object to the admissibility of these documents. *See* 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, *Federal Practice and Procedure* § 2722, at 383 (1998) ("[I]t is a well-accepted principle that 'as is true with other material introduced on a summary judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged.' "; *accord Johnson v. United States Postal Serv.*, 64 F.3d 233, 237 (6th Cir. 1995) (ruling that the "failure to object to evidentiary material submitted in support of a summary judgment motion constitutes a waiver of those objections."); *H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 454-55 (2d Cir. 1991) (Rule 56 does not require parties to authenticate documents "where appellee did not challenge the authenticity of the documents in the district court.").

[9] Mr. Glen R. Rothgeb served as WAPA's Assistant Executive Director during the relevant time period. *See* Rothgeb Dep. 8:17-120.

[10] Ms. Cassandra Dunn served as WAPA's Corporate Communications Officer and Director of Corporate Communications during the relevant time period. *See* Dunn Dep. 6: 22-25; 7: 20-25.

[11] Mr. Nellon Bowry served as WAPA's Chief Financial Officer and Assistant Executive Director for St Croix during the relevant time period. *See* Bowry Dep. 9: 19-24.

Because this Motion is barred by collateral estoppel and the law of the case doctrine and the Defendant is not entitled to relitigate the facts or law of the case, Plaintiff declines to expend time and money responding to Defendant's improperly filed Statement of Facts until Court-ordered to do so. Should the Court determine that collateral estoppel and law of the case do not apply, then Plaintiff requests leave to file a supplement to this response to the Motion for Summary Judgment on its merits and file a response to the Defendant's Statement of Facts, if necessary, 10 days after this Court's ruling on this instant motion. Plaintiff should not have to expend time and resources on a matter that [h]as been litigated exhaustively for seven years.

Pl.'s Opp. to Summ. J. Mot. at 2 n.1.

The Court is troubled by the position taken by counsel. First, counsel is not the one to decide whether WAPA's motion for summary judgment is barred by collateral estoppel, the law of the case doctrine, or any other legal doctrine. Clearly, that is for this Court to decide. Even more troubling is the fact that counsel took this position without citing to any legal authority whatsoever. To the contrary and as noted above, several jurisdictions have opined that collateral estoppel and the law of the case doctrines do not apply to a denial of a motion for summary judgment. Second, counsel offered no legitimate reason as to why Greene could not respond to WAPA's arguments. The purported reason that Greene would have had to expend time and money is unmeritorious and unpersuasive. Although litigants should endeavor to resolve their respective cases in an inexpensive fashion, expending time and money is inherent in litigation. The expenditure of time and money should not be a reason to ignore legitimate arguments made by an opposing party, especially on a motion for summary judgment where the issue was not foreclosed by binding precedent. There was nothing preventing Greene from presenting alternative arguments and addressing the merits of WAPA's motion in its opposition. The Court did not "bi-furcate" WAPA's summary judgment motion and sees no reason to grant Greene additional time to respond to the merits of WAPA's motion. Granting Greene's request would do nothing more than encourage piecemeal litigation resulting in a waste of judicial resources.

Accordingly, the Court concludes that there are no genuine disputes of material facts to be resolved at trial as to whether WAPA initiated criminal

proceedings against Greene. Viewing the facts in a light most favorable to Greene, a jury could conclude that WAPA initiated the investigation into line and water losses at its facilities by contacting the OIG. As a result of this investigation, OIG investigators suspected Greene of engaging in illegal activities and submitted its findings to the Office of the Attorney General. However, the undisputed evidence demonstrates that the Office of the Attorney General conducted an independent investigation and decided to initiate criminal proceedings against Greene. The Office of the Attorney General's decision to prosecute Greene was made in its sole discretion without any influence from any WAPA representatives. Accordingly, the Court must grant summary judgment in WAPA's favor on Greene's claim for malicious prosecution.

### D. Abuse of Process

 The remaining count in Greene's complaint alleges a claim for abuse of process. In order to prevail on a claim for abuse of process, a plaintiff must demonstrate that a defendant: (1) while acting with an ulterior motive or an improper purpose, (2) used process in a manner that would not be proper in the normal prosecution of a case. *Kiwi Constr., LLC v. Pono*, 2016 V.I. LEXIS 1, at **9-10 (V.I. Super. Ct. 2016) (establishing the elements of a cause of action for abuse of process after conducting a *Banks* analysis). A claim for abuse of process gets its origin from section 682 of the Second Restatement of Torts. Section 682 provides that "[o]ne who uses legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." RESTATEMENT (SECOND) OF TORTS § 682. The comments to this restatement provision instruct:

> [t]he gravamen of the misconduct for which the liability in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish.

*Id.* cmt. a. The only legal process implicated in this case that would give rise to an abuse of process claim is Greene's arrest and subsequent criminal prosecution for buying and receiving stolen property in violation of 14 V.I.C.

§ 2101(a). As indicated above, the undisputed record in this case demonstrates that the decision to prosecute Greene was made solely by the Office of the Attorney General. There is no evidence that WAPA used any legal process whatsoever against Greene, much less, a legal process to accomplish a purpose for which it is not designed. The undisputed evidence demonstrates that WAPA did not initiate any legal process against Greene; therefore Greene cannot prevail on his claim for abuse of process. *See Gen. Refractories Co. v. Foreman's Fund Ins. Co.*, 337 F.3d 297, 304 (3d Cir. 2003) (opining that in order to prevail on a claim for abuse of process, "a plaintiff must show that the defendant used legal process against the plaintiff in a way that constituted a perversion of that process and caused harm to the plaintiff."). Accordingly, the Court will grant summary judgment in WAPA's favor on this claim.

## IV. CONCLUSION

The Court concludes that collateral estoppel and the law of the case doctrine do not preclude the Court from considering WAPA's motion for summary judgment. The Court also concludes that the undisputed evidence demonstrates that WAPA did not initiate or procure criminal proceedings against Greene. Therefore, WAPA is entitled to summary judgment on Greene's claim for malicious prosecution and abuse of process. Accordingly, the Court will issue a judgment in WAPA's favor.[12]

---

[12] In the complaint, Greene alleges that "Defendant, Alberto Bruno-Vega is the CEO of [the] Virgin Islands Water and Power Authority." Compl. ¶ 14. The complaint makes no mention that Bruno-Vega was being sued in his individual capacity. Thus, it appears that Greene has sued Bruno-Vega in his official capacity as executive director of WAPA. "A suit against a government official in his or her official capacity is treated as a suit against the governmental entity itself." *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Ctr.*, 372 F.3d 572, 581 (3d Cir. 2004). Accordingly, because WAPA is an autonomous instrumentality of the Government of the Virgin Islands and it appearing that Bruno-Vega was being sued in his official capacity as executive director, summary judgment will be entered in favor of Bruno-Vega as well.