■ In the Matter of BREEZY POINT COOPERATIVE, INC., Appellant. THOMAS YOUNG, Respondent.—Appeal by Breezy Point Cooperative, Inc. (hereinafter Breezy Point) from an order of the Supreme Court, Queens County (Hyman, J.), dated September 23, 1985, which directed it to call a special meeting of its membership and stockholders.

Order reversed, on the law, without costs or disbursements, and proceeding dismissed.

It is well established that under the business judgment rule the courts are precluded from conducting an "inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" *(Auerbach v Bennett,* 47 NY2d 619, 629; *Matter of Grace v Grace Inst.,* 19 NY2d 307). Thus, absent any evidence of a lack of good faith or fraud on the part of the corporate directors, a court "must and properly should respect" the determination of directors *(Auerbach v Bennett, supra,* at p 631).

Applying the principles of the business judgment rule to the case at bar, we conclude that Special Term erred in directing Breezy Point to hold a special meeting of its stockholders and membership in order to hear and consider the proposal of the respondent Thomas Young, a stockholder, concerning the construction of a sewage system. The record establishes that Young had an opportunity to present his proposal at a stockholders meeting in August 1985. The corporate directors, who had prior familiarity with the proposal, apparently decided that the proposal was not in the best interest of the corporation. Given the absence of a clear showing of bad faith on the part of Breezy Point's corporate directors, Special Term erred in interfering with the corporation's internal management.

Parenthetically, we emphasize that Young is not without a remedy. Given the provisions of Breezy Point's corporate bylaws, Young has two alternatives. He could assemble a petition containing 25% of the corporate stockholders to call a special meeting to discuss his sewage system proposal. If this fails, Young could attempt to change the body of the board of directors via the election process. Mollen, P. J., Weinstein, Lawrence and Kunzeman, JJ., concur.