■ DAVID FREER, JR., as a Shareholder Suing Derivatively in the Right of PROGRESSIVE BANK, INC., Appellant-Respondent, v E. HALE MAYER, Respondent-Appellant, and THOMAS C. APOSPOROS et al., Respondents. [637 NYS2d 425] —In a shareholder's derivative action, the plaintiff appeals from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated May 2, 1994, as, upon granting the defendants' separate motions for summary judgment, is in favor of the defendants and against him dismissing the complaint, and the defendant E. Hale Mayer cross-appeals from so much of the same judgment as dismissed his cross-claim for indemnification.

Ordered that the cross-appeal is dismissed as academic; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondents and the respondent-appellant are awarded one bill of costs.

The Supreme Court properly determined that it was not obligated by the doctrine of the law of the case to follow a determination of a Federal court which found that issues of fact existed as to the Federal causes of action and the State common law causes of action sounding in waste and breach of fiduciary duty that were interposed by the plaintiff against the defendant E. Hale Mayer. A subsequent decision by the same Federal court, upon the motion of all defendants except Mayer, dismissed all of the Federal causes of action based on new facts, and then dismissed the pendent State common law causes of action against all defendants except Mayer, for lack of any Federal question jurisdiction.

Since the issues relating to the causes of action based on Federal law were the same as to all defendants, the initial decision pertaining to the Federal law causes of action interposed against Mayer was inferentially reversed or vacated when the

Federal court dismissed all Federal causes of action against the remaining defendants for lack of Federal question jurisdiction. Similarly, the decision not to exercise pendent jurisdiction over the State common law causes of action against the remaining defendants inferentially reversed or vacated the prior finding that issues of fact existed with respect to the State common law causes of action interposed against Mayer (*see, e.g., Lund v Chemical Bank*, 1990 WL 17711 [US Dist Ct, SD NY, Feb. 20, 1990, Sweet, J.] [citing, *e.g., Zichy v City of Philadelphia*, 590 F2d 503, 508], *reaffd on reconsideration* 760 F Supp 51; *see also, Zangiacomi v Hood*, 193 AD2d 188, 190, 194).

Moreover, the Supreme Court properly determined that absent evidence that the individual defendants (other than Mayer), who were directors of the corporate defendant, had an interest in the retirement agreement or lacked good faith or committed fraud when considering whether to enter into the retirement agreement, the business judgment rule was applicable to the decision of these defendants (*see, Crouse-Hinds Co. v InterNorth, Inc.*, 634 F2d 690, 702; *Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538; *Auerbach v Bennett*, 47 NY2d 619, 631; *Matter of Breezy Point Coop.*, 123 AD2d 354; *Aronoff v Albanese*, 85 AD2d 3, 5). Moreover, the defendant directors, other than Mayer, demonstrated that they made a complete inquiry into whether the corporation should enter into the retirement agreement (*see, Auerbach v Bennett, supra,* at 634-635; *Schwartz v Marien*, 37 NY2d 487, 493).

While the defendant Mayer did have an interest in the retirement agreement and was also a director, Mayer demonstrated that he did not vote on the retirement agreement, that he disclosed his interest in the retirement agreement to the boards of directors, their committees, and the shareholders, and that the retirement agreement was fair and reasonable (*see,* Business Corporation Law § 713; *see also, Lewis v S.L. & E., Inc.*, 629 F2d 764, 768-769). Since the plaintiff failed to come forward with any evidence to rebut this showing, the Supreme Court properly granted Mayer's motion for summary judgment. Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.