**JOHN BURD, Appellant/Defendant**

**v.**

**ANTILLES YACHTING SERVICES, INC. d/b/a ISLAND MARINE**
**OUTFITTERS, Appellee/Plaintiff**

S. Ct. Civil No. 2010-0102

Supreme Court of the Virgin Islands

August 10, 2012

354

355

FRANCIS E. JACKSON, JR., ESQ., Law Offices of Francis E. Jackson, Jr., St. Thomas, USVI, *Attorney for Appellant.*

WARREN B. COLE, ESQ., Hunter, Cole & Bennett, St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; and CABRET, *Associate Justice*; SWAN, *Associate Justice.*

## OPINION OF THE COURT

(August 10, 2012)

SWAN, *Associate Justice.* Appellant, John Burd ("Burd"), appeals the Order of the Superior Court granting Appellee, Antilles Yachting Services, Inc. d/b/a Island Marine Outfitters' ("Island Marine") Motion for Summary Judgment. Burd argues that the trial court erred by granting summary judgment because (1) he was under duress when he signed a Promissory Note, a General Security Agreement, and a Termination Agreement between himself and Island Marine, making the Promissory Note and these agreements unenforceable; and (2) he did not subsequently ratify these voidable agreements. Additionally, Burd argues that the property pledged as collateral for the Security Agreement was erroneously foreclosed upon because he was not the sole owner of the property but rather he jointly owned the property with his wife, who neither signed the promissory note or any of the agreements.

For the reasons expounded below, we conclude that the trial court erred when it held that Burd ratified the agreements, thereby allowing the trial court to grant Island Marine's Motion for Summary Judgment. We further conclude that Burd waived his right in this appeal to raise the issue of

356

whether the property was lawfully subject to foreclosure because he failed to previously raise this issue in the trial court.

## I. FACTS AND PROCEDURAL HISTORY

Burd was employed by Island Marine as a store manager from March 2003 to approximately June 28, 2006, when the parties consummated an agreement to terminate Burd's employment. (J.A. at 31-37.) The Termination Agreement alleges that Burd was conducting inappropriate accounting practices during his tenure at Island Marine that resulted in the company losing $64,126.69. (J.A. at 31.) The Termination Agreement also included a provision stating that Burd would pay $64,126.69 including interest as compensation for Island Marine's loss. (J.A. at 33.) A Promissory Note was executed on June 28, 2006 in the amount of $64,126.69 with an interest rate of eight percent per annum. The Promissory Note directed Burd to make eleven consecutive monthly payments of $250.00 and a single payment of all remaining principal and interest on June 28, 2007. (J.A. at. 3.) As security for the Promissory Note, Burd pledged a 37 foot sloop vessel named "Tayana" which was formally known as "Islay" ("vessel"). Burd made ten payments of $250.00 on the Promissory Note, commencing on or about July 27, 2006 and ending on or about April 27, 2007. (J.A. at 50.) Before his last payment of $250.00, and before the remaining lump sum payment became due, Burd discontinued his payments. (J.A. at 50.)

On August 6, 2007, Island Marine filed a Complaint against Burd in the Superior Court seeking recovery of the debt and the foreclosure of its security interest in the vessel. (J.A. at 1.) Island Marine alleged that Burd defaulted on his payment obligations under the Promissory Note; therefore, Island Marine was entitled to judgment of $66,328.06 plus the vessel. (J.A. at 2.) Burd raised a plethora of defenses against the Complaint, including duress, equitable estoppel, unjust enrichment, and illegality of the parties' agreements. (J.A. at 17.) On June 25, 2008, Island Marine filed a Motion for Summary Judgment, asserting that Burd had failed to offer any evidence of a genuine issue of material fact. (J.A. at 24-38.)

Burd opposed the Motion for Summary Judgment by reiterating his assertion that he signed the Termination Agreement, Security Agreement, and Promissory Note while under duress; therefore, these documents were unenforceable. (J.A. at 51 -57.) Additionally, Burd filed a March 11, 2009

affidavit which asserts that he was coerced into signing the documents that support the parties' agreement. (J.A. at 58-60.) On March 17, 2009, Island Marine submitted a Reply Motion, refuting the arguments raised in Burd's opposition and denying that Burd received improper threats of criminal prosecution from Island Marine. On December 13, 2010, the Superior Court issued an Order granting Island Marine's Motion for Summary Judgment, ordering Burd to pay the judgment of $71,542.62 within ten days and granting foreclosure of the asset pledged by Burd, including the vessel. (J.A. at 75-77.) Burd timely appealed the order granting summary judgment. (J.A. at 78.)

## II. JURISDICTION AND STANDARD OF REVIEW

Title 4, section 32(a) of the Virgin Islands Code vests this Court with jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court. The Superior Court entered a final order on December 13, 2010; therefore, we have jurisdiction to hear this appeal. The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010); *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008). This Court has already articulated the applicable standard for reviewing a trial court's grant of summary judgment:

> This Court exercises plenary review of a Superior Court's grant of summary judgment. . . . Because summary judgment is a drastic remedy, it should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. . . . When reviewing the record, this Court must view the inferences to be drawn from the underlying facts in the light most favorable to the non-moving party, and we must take the nonmoving party's conflicting allegations as true if supported by proper proofs. . . . Importantly, in our analysis, this Court may not itself weigh the evidence and determine the truth; rather, we decide only whether there is a genuine issue for trial such that a reasonable jury could return a verdict for the non-moving party.

*Williams v. United Corp.*, 50 V.I. 191, 194-95 (V.I. 2008) (citations and quotation marks omitted); *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011).

## III. DISCUSSION

### A. Whether the trial court erred by granting summary judgment to Island Marine by finding that Burd ratified the voidable contracts

The salient question is whether the trial court had a sufficient basis to grant summary judgment to Island Marine. Island Marine's Complaint instituted a cause of action against Burd for debt and foreclosure of security interest. However, Burd claims that the Promissory Note and other documents executed between Island Marine and himself are void and unenforceable because he was under duress and threatened with criminal prosecution when he signed the documents. The Superior Court granted the Plaintiff's Motion for Summary Judgment, finding that no material fact existed because even if duress were shown, the agreements only became voidable subject to ratification, and Burd ratified the agreements by accepting the benefits of the agreement without timely repudiation when he made ten (10) consecutive payments on the promissory note.

■■ Indeed, Burd has incorrectly concluded that the duress that he claims makes the contract void rather than voidable. Under the law of contracts as set forth in the RESTATEMENT (SECOND) OF CONTRACTS, section 175, "If a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim." The threat of criminal prosecution is a valid argument under duress as noted in Comment a. to section 175, which states that "[c]ourts originally restricted duress to threats involving loss of life, mayhem or imprisonment, but these restrictions have been greatly relaxed and, in order to constitute duress, the threat need only be improper within the rule stated in § 176." Section 176(b) lists the threat of criminal prosecution as an improper threat.[1] The provisions of title 11A, section 3-305 further indicates that Burd's argument that the contract is void rather than voidable is invalid. 11A V.I.C. § 3-305 states:

---

[1] Under Virgin Islands law, by operation of 1 V.I.C. § 4, the Restatement provisions just quoted, in addition to others that may be applicable under the facts presented, serve as the rules of decision on this issue. *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 973 (V.I. 2011).

**(a)** Except as stated in subsection (b), the right to enforce the obligation of a party to pay an instrument is subject to the following:

> **(1)** a defense of the obligor based on . . . (ii) duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor . . . .

Comment (1) of this section further elaborates:

> Duress, which is also covered by subsection (a) (ii), is a matter of degree. An instrument signed at the point of a gun is void, even in the hands of a holder in due course. One signed under threat to prosecute the son of the maker for theft may be merely voidable, so that the defense is cut off.

██ Burd alleges that he was threatened with criminal prosecution as inducement to sign the contract. The trial record contains an affidavit from Burd stating that he was threatened into signing the three documents. Under Rule 56 of the Federal Rules of Civil Procedure,[2] when considering a motion for summary judgment, a trial judge can consider material outside the pleadings, including affidavits, responses to discovery, and other evidence to determine if there is a genuine issue of material fact. A fact is material if it can affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 254 F.3d 644, 650 (7th Cir. 2001). It is well settled that "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment or judgment as a matter of law." *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 189-90 (3d Cir. 2011) (citing *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161-63 (3d Cir. 2009)).[3] "This remains true even if the affidavit is 'self-serving' in the sense of supporting the affiant's own legal claim or interests." *Id.* However, a party cannot merely rely on allegations of denials in its own pleadings, but rather must set forth specific facts to support the allegations. *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985).

---

[2] The federal rules apply in the Superior Court where they do not conflict with a Superior Court Rule or local statute pursuant to Superior Court Rule 7.

[3] *Cf. Gans v. Mundy*, 762 F.2d 338, 345 (3d Cir. 1985) (Sloviter, J., dissenting).

For example, in *Kirleis*, the United States Court of Appeals for the Third Circuit, in deciding whether a self-serving affidavit met the summary judgment standard, found that the affiant detailed specific circumstances that rendered the formation of an agreement to arbitrate impossible. 560 F.3d at 161. "For example, she swore under oath that she was never provided with a copy of the By-Laws of defendant Firm, never signed any agreement or document which refers to or incorporates the arbitration provision in the By-Laws, and never agreed to arbitrate. . . claims against Firm." *Id.* (internal quotation marks omitted). In the present case, Burd claims that he was under duress when he signed the agreements. Like Kirleis, Burd detailed in his affidavit the circumstances surrounding his signing of the agreement. He states, "I was approached by Plaintiff, along with his attorney Warren Cole, who demanded that I sign a Termination Agreement, Promissory note, and General Security Agreement or risk certain criminal prosecution." (J.A. at 58-59.)

■ Furthermore, the Court in *Kirleis* found that not only were the affidavits specific but also that they were uncontested by the firm. Similarly, Island Marine has not sufficiently contested Burd's defense that he was under duress. For example, Island Marine has not filed any affidavits, answers to interrogatories, or depositions in opposition to Burd's allegations that he was coerced into signing the promissory note and agreements or that he acted under duress. The evidence submitted in the record proves that Burd signed the agreements, pledged collateral and made payments on the promissory note. However, there is no evidence detailing circumstances which disprove the claim that Burd was acting under duress when he signed the documents constituting the parties' agreements. Island Marine stated in one sentence in its Reply Memorandum in Support of the Motion for Summary Judgment, "Plaintiff absolutely denies that it made any improper threats of criminal prosecution to induce Mr. Burd to sign the termination agreement, the promissory note and the general security agreement." (J.A. at 64.)[4]

In granting summary judgment to Island Marine, the trial court, without supporting its findings, concluded that a determination as to whether Burd's defense of duress was applicable was not necessary because he subsequently ratified the agreements by accepting their

---

[4] As we have previously made clear, "unsworn representations of an attorney are not evidence." *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011).

benefits and by making ten consecutive payments. However, in applying the law concerning ratification of voidable agreements, we find that there is insufficient evidence in the record to support such a conclusion.

 The trial court correctly noted that the issue of whether Burd signed the contract under duress may be moot if the facts in the record indicate that Burd subsequently ratified the contract. However, the trial court erred in finding that Burd ratified the agreements. The Restatement (Second) of Contracts[5] outlines what is required for a party to be deemed to have ratified a contract. Under § 380 of the RESTATEMENT:

> (1) The power of a party to avoid a contract for incapacity, *duress*, undue influence or abuse of a fiduciary relation is lost if, after the circumstances that made it voidable have ceased to exist, he manifests to the other party his intention to affirm it or acts in a manner inconsistent with disaffirmance.

Likewise, § 381(1) provides that a party loses his right to avoid a contract on grounds including duress if "he does not within a reasonable time manifest to the other party his intention to avoid it." (emphasis added). These provisions indicate that a contract entered into by a party under duress generally is considered not void, as Burd argues, but merely voidable, and is capable of being ratified after the duress is removed. They further indicate that such ratification results if the party entering into the contract under duress intentionally accepts the benefits under the contract, remains silent, acquiesces in the provisions of the contract for any considerable length of time after opportunity is afforded to avoid it or have it annulled, or recognizes its validity by acting upon it. Given the circumstances present in this case, Comment (b) to § 380 is instructive and illuminating. It succinctly states that "[a] party's power of avoidance for incapacity, duress, undue influence or abuse of fiduciary relation is not lost by conduct while the circumstances that made the contract voidable continue to exist."

 The pivotal terms on which the trial court made no determination are "after the circumstances that made it voidable have ceased to exist." Island Marine advances the view adopted by the trial court that Burd ratified the contract by making ten payments on the

---

[5] *See* 1 V.I.C. § 4 (making the Restatements "the rules of decision in the courts of the Virgin Islands in cases to which they apply, in the absence of local laws to the contrary").

contract. While proof of action within the terms of a contract may evidence ratification, it must be accompanied by a removal of the circumstances that led to the duress. Burd raised as a genuine issue of fact on the question whether a threat of criminal prosecution existed during the period he made his monthly payments. In his affidavit, Burd asserted: "Because I felt my continued freedom was an invaluable asset, I attempted to comply with the terms of the documents, notwithstanding their dubious validity." *See, e.g., Abbadessa v. Moore Bus. Forms, Inc.,* 987 F.2d 18, 24 (1st Cir. 1993) (finding that petitioners raised no facts regarding how long the duress existed or when the duress ceased that would raise a genuine issue of material fact on the issue of ratification). There is no other indication in the present record that the alleged threat of criminal prosecution ceased to exist at any time after Burd's monthly payments had commenced. Therefore, whether Burd ratified the contract after the statute of limitation on criminal prosecution had expired is not clear from the trial record and is still in dispute.

Since the sum involved in this case was $64,126.69, grand larceny, embezzlement, or obtaining money by false pretenses would have been felonies with a three-year statute of limitation. 5 V.I.C. § 3541(a)(2). It is noteworthy that Burd made payments only for ten months and refused to make the lump sum payment. Therefore, since it is unclear whether Burd ratified the agreements, it was incumbent upon the trial court to determine whether duress existed after Burd refused to make either or both the last of the monthly payments and the lump sum final payment. If there was no duress existing at the time the contract was executed, then there would be no need to reach the issue of ratification. However, if duress was indeed present, the trial court would then need to determine whether duress continued and whether the circumstances that made the contract voidable ceased to exist, thereby signifying ratification. For these reasons we find that summary judgment was improperly granted.

## B. Whether the property held as collateral for the security agreement was erroneously foreclosed upon because Burd and his wife own the property as joint tenants

Burd argues that the trial court erred by allowing Island Marine to foreclose upon the vessel allegedly owned by Burd and his wife. As a remedy for its grant of summary judgment, the trial court ordered that Burd pay the amount due on the Promissory Note and granted Island

Marine permission to foreclose on the vessel, if Burd did not pay the balance due on the Note within ten days of the Judgment. Island Marine argues on appeal that the issue of ownership of the collateral is waived because Burd did not raise it below.

■■ Island Marine is correct in noting that appellate courts generally refuse to consider issues that are raised for the first time on appeal. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 336 (V.I. 2007); *see also Ross v. Hotel Emps. & Rest. Emps. Int'l Union*, 266 F.3d 236, 242 (3d Cir. 2001). A review of the trial record confirms that the first instance in which Burd raised any issue relating to ownership of the vessel which is held as collateral under the termination agreement is on this appeal. Accordingly, because we find that Burd waived this issue by not raising it before the trial court, we decline to address it.

## IV. CONCLUSION

We find that the trial court's grant of summary judgment was in error and we therefore remand this case to the Superior Court for proceedings consistent with this Opinion, including the vacating of the grant of summary judgment in favor of Island Marine and the relief afforded it as a result thereof.